FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 JUL 18 PM 2:43
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. CR417-227 |
| ) | |
| STEPHEN ALEXIS T. JILES, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant's Emergency Petition to Expediate Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651. (Doc. 40.) In his petition, Defendant argues that he was without knowledge that he could be held accountable for being a convicted felon in possession of a firearm and cites to the United States Supreme Court's recent decision in Rehaif v. United States, 139 S. Ct. 2191, 2194 (2019). Defendant requests this Court to allow Defendant to withdraw his guilty plea, appoint counsel to represent him, and to vacate his sentence and order a new trial or, in the alternative, release him from confinement. (Id. at 3.)

After careful review of Defendant's motion and the record in this case, the Court can discern no grounds for the specific relief requested in Defendant's emergency petition. "A writ of error coram nobis is only appropriate when other relief is unavailable." United States v. Chaff, 269 F. App'x 878, 879

(11th Cir. 2008) (citing Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000)). "Because federal prisoners may make use of the statutory remedy of 28 U.S.C. § 2255, coram nobis relief is unavailable to them." Id. (citing United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999)). Because Defendant is currently in federal custody within the meaning of 28 U.S.C. § 2255 when he filed his Emergency Petition, coram nobis relief is unavailable to him and 28 U.S.C. § 2255 is the proper remedy for Defendant to pursue. See United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997). The United States Court of Appeals for the Eleventh Circuit has found that coram nobis petitions may be treated as § 2255 petitions when the petitioner was still in custody. Brown, 117 F.3d at 475; Chaff, 269 F. App'x at 879.

Here, because it appears that Defendant is seeking to "vacate, set aside, or correct the sentence," the Court believes that his Emergency Petition to Expediate Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651 should be construed as a petition for habeas relief made pursuant to 28 U.S.C. § 2255. Pursuant to the Supreme Court's instructions in Castro v. United States, 540 U.S. 375, 384, 124 S. Ct. 786, 793, 157 L. Ed. 2d 778 (2003), the Court notifies Defendant that his Emergency Petition will be construed as a § 2255 motion. Defendant is warned that if he chooses to proceed with his Emergency Petition, he will lose his ability to file any successive

2

petition on this same matter without first seeking permission to do so from the Eleventh Circuit. 28 U.S.C. § 2255. Therefore, Defendant may: (1) have his Emergency Petition ruled upon as filed; (2) amend his Emergency Petition to include any other claims related to his conviction and resulting term of imprisonment; or (3) withdraw his Emergency Petition entirely. Defendant is advised that, if he elects to amend his current Emergency Petition, Defendant should replace it in its entirety with a new § 2255 petition so that all claims that Defendant wishes to bring will be in one single document. Defendant is granted **forty-five days** from the date of this Order to supplement his current petition, if he so desires, or to notify the Court that he wishes to withdraw the motion. If at the end of the forty-five days he has not supplemented the instant motion or provided notification of his intent to withdraw the motion, the Court will proceed to rule on the motion as filed pursuant to § 2255.

Accordingly, the Clerk of the Court is **DIRECTED** to open a new civil matter, file the instant motion, and refer the motion to the Magistrate Judge for further proceedings as warranted. The Clerk of Court is further **DIRECTED** to attach to Defendant's service copy of this Order this Court's standard form Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. Defendant may use that form to set out, in one document,

all of his claims for § 2255 relief, or he may simply rely on his original "Emergency Petition to Expediate Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651," which this Court has recharacterized as a motion seeking § 2255 relief. Again, Defendant is cautioned that if he elects to proceed with his § 2255 motion, he should present all of his claims for § 2255 relief at this point.

SO ORDERED this 18th day of July 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA